IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                       No.  CIV 15-00419-WJ-KBM
                                            No.  CR  11-02994-WJ

BRANDON L. JONES,

      Defendant/Petitioner.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Jones's Motion to Amend His Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2225.  [CV Doc. 14]   By an Order of Reference [Doc. 3], filed May 22, 2015, this matter was referred to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate  disposition of this habeas action.  The Court, having reviewed the submissions of the parties and the relevant law, and being otherwise fully advised in the premises, recommends that Jones's motion to amend be granted in part and denied in part.

## I.     BACKGROUND

The background of this case was set forth in the Court's July 8, 2015 Sealed Memorandum Opinion and Order Setting Evidentiary Hearing [CV Doc. 7; CR Doc. 196] and, therefore, only will be summarized to the extent relevant to the pending motion.  On

December 1, 2011, Jones was indicted for the crime of kidnapping in violation of 18

U.S.C. § 1201(a)(1) and 18 U.S.C. § 2 [CR. Doc. 15] and Attorney Jason Bowles was

appointed to represent him.  [CR Doc. 11]  On December 28, 2012, Jones pled guilty to

the crime charged in the indictment, without the benefit of a plea agreement.  [CR Doc.

92]

On March 27, 2013, the Court granted Attorney Bowles's Motion to Withdraw as

Attorney [CR Docs. 109, 114] and appointed Attorney Kenneth Gleria to represent Jones.

[CR Doc. 115]  On May 5, 2014, the Court sentenced Jones to 420 months imprisonment

for the crime of kidnapping and advised him of his right to appeal.  [CR. Doc. 148]  On

June 10, 2014, the court entered judgment.  [CR. Doc. 159]  Pursuant to the Federal

Rules of Appellate Procedure, if Jones wished to appeal his conviction and sentence, his

notice of appeal was required to be filed in the Tenth Circuit Court of Appeals within

fourteen days of the date of judgment.  Fed. R. App. P. 4(b)(1)(A)(i).

On August 15, 2014, two months after the entry of judgment in Jones's

kidnapping case, Attorney Gleria filed a notice of appeal.  [CR Doc. 166]  The

Government moved to dismiss the appeal, arguing that the notice of appeal was not

timely filed.  The Tenth Circuit Court of Appeals granted the Government's motion and

dismissed Jones's appeal as untimely.  [CR Doc. 186]

On May 5, 2015, Jones filed his Motion to Vacate, Set Aside or Correct Sentence

Pursuant to 28 U.S.C. § 2225, [CV Doc. 1; CR Doc. 191] which raised only one claim:

ineffective assistance of counsel based on Attorney Gleria's failure to file a timely notice

of appeal of Jones's conviction and sentence in his kidnapping case.  [CV Doc. 1 at 4; CR

Doc. 191 at 4]  On July 8, 2015, this Court determined that "disputed factual issues exist and an evidentiary hearing is required" to be held on Jones's Petition.  [Doc. 7]  *See* § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . ."). Therefore, the Court ordered an evidentiary hearing and appointed counsel for Jones in accordance with Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  [Doc. 7]  *See* Rule 8(c) ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").

On September 2, 2015, Jones filed the present motion to amend his Petition. [Doc. 14]  Jones "seeks to more fully present" the claim of ineffective assistance of counsel raised in his original Petition in an amended claim 1 and to raise the following additional claims:  (2)  ineffective assistance of counsel based on trial counsel's failure to call an expert witness to dispute the permanent bodily injury enhancement; (3) ineffective assistance of counsel based on trial counsel's failure to renew his objection to the inclusion in the PSR that "Jones told Vasquez he should just shoot him, or maybe rape him," which resulted in Jones being labeled a sexual offender; (4) ineffective assistance of counsel at the plea stage of the proceedings, because Jones would not have entered a plea if he knew the sentence was to be more than 20 years; and (5) the district court erred by adding four additional points to the offense level based on the victim's permanent bodily injury.  [CV Doc. 14 at 3-5]

The Government opposes Jones's motion to amend, arguing that it is time-barred under § 2255(f)(1) because it was filed more than one year after Jones's conviction became final and seeks to raise "claims totally separate and distinct, in 'both time and type' from those raised in his original motion," *United States v. Espinoza-Saenz*, 235 F.3d 501, 504 (10th Cir. 2000) (holding that an untimely motion to amend a § 2555 habeas petition "may in the District Court's discretion, relate back to the date of [the original motion] if and only if the [original motion] was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case." (quoting *United States v. Thomas*, 221 F.3d 430, 431 (3rd Cir. 2000)).  [Doc. 15]  In his reply brief, Jones argues that the amended claims do not differ in time and type from the claim raised in the original Petition and, therefore, they relate back to the date of his original Petition pursuant to Fed. R. Civ. P. 15(c).  [Doc. 16]  Alternatively, Jones asks the Court to "consider whether equitable tolling would be appropriate for the amended portion of the petition," because Jones diligently pursued his rights.  [Doc. 16 at 2-3]

## II.     DISCUSSION

"A motion by a federal prisoner for postconviction relief under 28 U.S.C. § 2255 is subject to a one-year limitation that generally runs from 'the date on which the judgment of conviction becomes final.'"[1]  *Clay v. United States*, 537 U.S. 522, 524 (2003) (quoting § 2255 ¶6(1), codified at § 2255 (f)(1)).  In the present case, judgment

---

[1] Jones does not argue that § 2255(f)(2), (3) or (4) are applicable to his Petition and should be used to calculate the date on which the one-year statute of limitation begins to run. *See United States v. Terrones-Lopez*, 447 F. App'x 882, 884 (10th Cir. Nov. 23, 2011) (noting that the court "generally assume[s] that the limitations period begins to run at the time the movant's conviction became final unless the movant can show that it should begin at a later time") (unpublished).

was entered on Jones's kidnapping conviction on June 10, 2014 and Jones's conviction became final fourteen days later on June 24, 2014. *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of . . . (i) the entry of . . . the judgment or the order being appealed . . ."); *see also United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."). Although Jones filed an untimely notice of appeal on August 15, 2014 [CR Doc. 166], the Court concludes that this "untimely notice[] of appeal did not delay the onset of the limitations period."[2] *United States v. Terrones-Lopez*, 447 F. App'x 882, 885 (10th Cir. Nov. 23, 2011) (unpublished); *see also United States v. Smith*, 215 F.3d 1338, 2000 WL 639488, at *1 (10th Cir. May 18, 2000) ("Smith argues the one-year limitations period did not begin to run until this court denied her untimely direct appeal. However, Smith did not pursue her direct appeal within the applicable time limits and her unsuccessful efforts do not toll the statute of limitations.") (unpublished table decision). Therefore, the one-year statute of limitation began to run on June 24, 2014.

Jones timely filed his Petition on May 15, 2015. [CV Doc. 1] However, his motion to amend was filed on September 2, 2015, approximately two months after the expiration of the one-year statute of limitation in § 2255(f)(1). [CV Doc. 14] To resolve

---

[2] The Court recognizes that in its Order Denying Motion For Extension of Time and For Copies of Court Documents [CR Doc. 189], the District Court stated that Jones's conviction did not become final until "early January, 2015," ninety days after his untimely appeal was dismissed by the Tenth Circuit Court of Appeals. [Doc. 189 at 1] However, the District Court also stated that "[n]o opinion is expressed or implied . . . concerning the expiration date of the one-year limitation period applicable to Defendant's § 2255 claims." [Doc. 189 at 2]

the motion to amend, the Court must determine whether the claims raised in Jones's

proposed amended petition relate back to the date of his original Petition under Fed. R.

Civ. P. 15(c). *See* Rule 12 of the Rules Governing Section 2255 Proceedings For the

United States District Courts ("The Federal Rules of Civil Procedure and the Federal

Rules of Criminal Procedure, to the extent that they are not inconsistent with any

statutory provisions or these rules, may be applied to a proceeding under these rules.");

*see also* Fed. R. Civ. P. 15(c)(1)(B) ("An amendment to a pleading relates back to the

date of the original pleading when . . . the amendment asserts a claim or defense that

arose out of the conduct, transaction, or occurrences set out—or attempted to be set out—

in the original pleading.").

In *Espinoza-Saenz*, the Tenth Circuit Court of Appeals addressed whether Fed. R.

Civ. P. 15(c) allows an amended § 2255 petition to relate back to the date of the original

filing. In that case, the petitioner "timely filed a pro se § 2255 motion," but "[a]fter the

expiration of his one-year limitations period under the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), and while his first motion was still pending, [petitioner]

filed a supplemental motion asserting a number of ineffective assistance of counsel

claims." 253 F.3d at 503. Our Circuit held as follows:

> [a]n untimely amendment to § 2255 motion which, by way of
> additional facts clarifies or amplifies a claim or theory in the
> [original motion] may, in the District Court's discretion,
> relate back to the date of [the original motion] if and only if
> the [original motion] was timely filed and the proposed
> amendment does not seek to add a new claim or to insert a
> new theory into the case.

*Id.* at 505 (quoting *Thomas*, 221 F.3d at 431).  If an amended petition seeks to raise

"completely new claims" that are "totally separate and distinct in both time and type from

those raised in [the original] motion," then the motion to amend should be denied.  *Id.*

(holding that to permit untimely amendments bringing completely new claims "would be

tantamount to judicial rescission of AEDPA's statute of limitations period"); *see also*

*Mayle v. Felix*, 545 U.S. 644, 650 (2005) (holding that "[a]n amended habeas petition . . .

does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a

new ground for relief supported by facts that differ in both time and type from those the

original pleading set forth").

　　To the extent that Jones seeks to more fully present his original claim of

ineffective assistance of counsel based on Attorney Gleria's failure to file a timely notice

of appeal, Jones's motion to amend should be granted.  However, the Court concludes

that the three additional claims of ineffective assistance of counsel that Jones seeks to

raise in his amended petition differ in both time and type from the claim of ineffective

assistance of counsel raised in the original Petition, because they did not occur post-

conviction, do not pertain to the failure to file a timely notice of appeal, and with respect

to at least one of the proposed amended claims, did not involve the same attorney.  *See*

*United States v. Lichfield*, 499 F. App'x 827, 830-31 (10th Cir. Oct. 17, 2012) (holding

that the petitioner's untimely attempt to add additional claims of ineffective assistance of

counsel "relating to his plea agreement, his guilty plea, the failure to file a direct appeal

and conflict of interest were new and did not relate back") (unpublished); *Beckstrom v.*

*United States*, No. 1:12-CV-226 TC, 2014 WL 1317694, at *3 (D. Utah March 27, 2014)

(denying an untimely motion to amend a § 2255 petition because the amended claims of

ineffective assistance of counsel were different in time and type than the original claim of

ineffective assistance of counsel) (unpublished). Likewise, Jones' additional claim of

sentencing error due to the imposition of the permanent bodily injury enhancement raises

a completely new claim that does not relate back to the date of the original Petition under

Fed. R. Civ. P. 15(c). *See United States v. Jordan*, 461 F. App'x 771, 776 (10th Cir. Feb.

15, 2012) (holding that that the petitioner's untimely attempt to raise a claim challenging

the district court's failure to advise the petitioner of his right to testify at trial did not

relate back to his original claim of ineffective assistance of counsel based on counsel's

failure to allow him to testify at trial because the amended claim's "supporting facts were

different in type") (unpublished).

Having determined that Jones's proposed amended claims 2 through 5 [CV

Doc. 14 at 3-5] do not relate back to the date of his original Petition, the Court next

addresses whether to toll the one-year statute of limitation. Jones asks the Court to

"consider whether equitable tolling would be appropriate for the amended portion of the

petition," because "[t]his is not a case in which Petitioner was dilatory, he pursued his

rights diligently." [Doc. 16 at 2-3]

"AEDPA's one-year statute of limitations is subject to equitable tolling but only in

rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.

2000) (internal quotation marks and citation omitted). "Generally a litigant seeking

equitable tolling bears the burden of establishing two elements: (1) that he has been

pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Even if the Court were to

assume, without deciding, that Jones has been pursuing his rights diligently, he has failed

to demonstrate the existence of extraordinary circumstances.  Although "egregious

attorney misconduct may constitute extraordinary circumstances that justify equitable

tolling," "attorney negligence is not extraordinary and clients, even if incarcerated, must

vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or

failures." *Fleming v. Evans*, 481 F.3d 1249, 1255-56 (10th Cir.2007) (internal quotation

marks and citation omitted)); *United States v. Romero-Cruz*, 245 F. App'x 797, 801 (10th

Cir. Aug. 20, 2007) (holding, in relevant part, that counsel's failure to file a timely notice

of appeal after being asked to do so "can hardly be equated to . . . egregious misconduct")

(unpublished).  Furthermore, "[a]llegations regarding insufficient library access, standing

alone, do not warrant equitable tolling," rather "[t]he inmate . . . must go one step further

and demonstrate that the alleged shortcomings in the library or legal assistance program

hindered his efforts to pursue a legal claim." *United States v. Oakes*, 445 F. App'x 88,

93-94 (10th Cir. Oct. 21, 2011) (internal quotation marks and citations omitted)

(unpublished).  Because Jones has failed to allege sufficient facts to demonstrate the

existence of extraordinary circumstances, the doctrine of equitable tolling is inapplicable.

## III.   CONCLUSION

Jones's proposed amended claim 1, which seeks to more fully present his claim of

ineffective assistance of counsel based on Attorney Gleria's failure to file a timely notice

of appeal, relates back to the date of the original Petition pursuant to Fed. R. Civ. P. 15(c)

and, therefore, Jones's motion to amend this claim should be granted.  However, Jones's

proposed amended claims 2 through 5 do not relate back to the date of the original

Petition and Jones's motion to amend his Petition to add these new claims should be

denied.

IT IS HEREBY RECOMMENDED that Jones's Motion to Amend His Motion to

Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2225 [CV Doc. 14] be

granted in part and denied in part.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a

copy of these Proposed Findings and Recommended Disposition they may file written

objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A**

**party must file any objections with the Clerk of the District Court within the**

**fourteen-day period if that party wants to have appellate review of the proposed**

**findings and recommended disposition. If no objections are filed, no appellate**

**review will be allowed.**

---

_____
UNITED STATES CHIEF MAGISTRATE JUDGE