IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                                             CIV 15-0419 WJ/KBM
                                                                            CR  11-2994 WJ

BRANDON L. JONES,

    Defendant-Petitioner.

### ORDER OVERRULING PETITIONER JONES' OBJECTIONS TO THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Petitioner Jones' ("Jones'") Objections to Proposed Findings and Recommendations (*Doc. 24*), filed November 2, 2015. Jones objects to the Chief Magistrate Judge's Proposed Findings and Recommended Deposition ("PF&RD") (*Doc. 19*), filed October 14, 2015, which recommended that his Motion to Amend be granted in part and denied in part. More particularly, the Magistrate Judge recommended that Jones' motion be granted with respect to his proposed amendment to his claim for ineffective assistance of counsel by failing to file a timely notice of appeal but denied as to all others.

When a party files timely written objections to the magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the

magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PF&RD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996). Following a *de novo* review of the evidence in the record, the Court finds that Jones' objections are without merit. Jones' objections are, for the most part, restatements of the arguments that he made in his Motion to Amend (*Doc. 14*). Even so, the Court will briefly address them here.

Jones filed his original Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 on May 15, 2015. *Doc. 1*. However, it was not until September 2, 2015, approximately two months after the expiration of the one-year statue of limitation in § 2255(f)(1), that he moved to amend his § 2255 petition. As explained by the Magistrate Judge in her PF&RD, an untimely amendment to a § 2255 petition that merely clarifies or amplifies a claim or theory in the original petition may relate back to the date of the original petition so long as the proposed amendment does not introduce new claims or new theories. *Doc. 19* at 6 (citing *United States v. Espinoza-Saenz*, 235 F.3d 501, 504 (10th Cir. 2000). But an untimely amended petition that adds "completely new claims" which are distinct in time and type from those raised in the original petition does not relate back. *Id*. at 7. The Magistrate Judge concluded that, with one exception, Jones' proposed amended claims were distinct in time and type from those raised in his original petition. *Id*. Accordingly, the Magistrate Judge

2

recommended granting his motion as to the amended claim for ineffective assistance in failing to file a timely notice of appeal and denying the motion as to Jones' "additional claims." *Id.* at 9-10. Jones' "additional claims" are for (1) ineffective assistance of counsel based on trial counsel's failure to call an expert witness to dispute the permanent bodily injury enhancement; (2) ineffective assistance of counsel based on trial counsel's failure to renew his objection to the inclusion in the PSR that "Jones told Vasquez he should just shoot him, or maybe rape him," which resulted in Jones being labeled as a sexual offender; (3) ineffective assistance of counsel at the plea stage of the proceedings, because Jones would not have entered a plea if he knew the sentence was to be more than 20 years; and (4) error by the district court in adding four additional points to the offense level based on the victim's permanent bodily injury. *Doc. 14* at 3-5.

Jones objects to the Magistrate Judge's PF&RD, first, on the basis that his "additional claims" do not differ in time and type from those raised in his original petition. *Doc. 19* at 3. Jones characterizes his "additional claims" as facts supporting his original claim for ineffective assistance of counsel in failing to timely file a notice of appeal. *Doc. 24* at 6. He contends that these claims "relate directly to [his] claim that he wanted to appeal his case." *Id.* at 7.

Jones apparently posits that because his "additional claims" would have been raised on appeal, if a timely appeal had been filed, they fall within the same time and type and are substantially related to his original claim. The Court is not persuaded, however. Without any legal support, Jones attempts to bootstrap the substance of his proposed appeal into his original petition, which raised a

3

singular claim: ineffective assistance of counsel due to the failure to file a timely notice of appeal. Jones' additional ineffective assistance claims, unlike his original claim, involve conduct that allegedly occurred at or before sentencing, which did not pertain to the filing of an appeal. One of these additional ineffective assistance claims even involved a different attorney. Moreover, Jones' "additional claim" that the district court committed a sentencing error is also a new claim that is unrelated to his counsel's failure to file an appeal. In sum, this Court agrees with the Magistrate Judge's finding that Jones' "additional claims" differ in both time and type from the claim of ineffective assistance of counsel raised in his original habeas petition.

Next, Jones objects to the Magistrate Judge's PF&RD on the ground that the doctrine of equitable tolling applies to his motion to amend. Although somewhat difficult to discern, Jones apparently contends that the Court's denial of his request for "transcripts of one of his hearings" at the Court's expense constitutes "extraordinary circumstances" justifying the untimely filing of his motion to amend. *Doc. 24* at 9. Yet Jones fails to explain why the referenced transcripts were necessary or what issues he was unable to raise or support without them. The Court concludes that Jones has failed to allege sufficient facts to demonstrate the existence of extraordinary circumstances, and it will overrule Jones' objection to the Magistrate Judge's determination that the doctrine of equitable tolling is inapplicable.

**IT IS THEREFORE ORDERED** that Jones' Objections to Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 24*) are hereby **OVERRULED**;

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 19*) is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Jones' Motion to Amend (*Doc. 14*) is hereby granted to the extent that Jones seeks to more fully present his original claim for ineffective assistance of counsel in failing to file a timely notice of appeal and denied in all other respects.

_____
UNITED STATES DISTRICT JUDGE