IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                 No. CIV 15-00419-WJ-KBM
                                                  No. CR  11-02994-WJ

BRANDON L. JONES,

    Defendant/Petitioner.

## ORDER OVERRULING UNITED STATES' OBJECTION TO THE PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff/Respondent United States' Objection To Proposed Findings of Fact and Conclusions of Law and Report and Recommendation [CV Doc. 61; CR Doc. 249], Petitioner's Response To The Government's Objection To Proposed Findings of Fact and Conclusions of Law and Report and Recommendation [CV Doc. 62; CR Doc. 250], and United States' Reply Regarding Its Objection To Proposed Findings of Fact and Conclusions of Law and Report and Recommendation [CV Doc. 62; CR Doc. 251]. The United States objects to the Chief Magistrate Judge's Proposed Findings of Fact and Recommended Disposition [CV Doc. 60; CR Doc. 248], filed on November 29, 2016, which recommended that Petitioner Brandon L. Jones's Amended Motion To Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 29; CR Doc. 214] be granted and the United States' request to re-file criminal charges against Jones be denied without

prejudice. Specifically, "the United States objects to the finding that defendant's letter including the words 'I do want to appeal my case but . . .' constitutes a specific request that Mr. Gleria file a notice of appeal." [CV Doc. 61; CR Doc. 249] The United States "does not object to any of the Chief Magistrate's findings regarding credibility of witnesses or any of the rulings the Chief Magistrate made regarding what exhibits or questions were proper." [CV Doc. 61; CR Doc. 249]

When a party files timely written objections to the magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendation. *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The Court has reviewed the evidence of record in this case *de novo* and agrees with the Chief Magistrate Judge that Jones' May 8, 2014 letter constitutes a specific request that Attorney Gleria file a notice of appeal on Defendant's behalf. In his letter, Jones explicitly states that he does "want to appeal my case." [CV Doc. 29-9; CR Doc. 214-9] Although Jones had some questions regarding the appellate process, his express desire to appeal was not conditioned on the answers to any of these questions. The Court

2

disagrees with Attorney Gleria's opinion that the letter was merely "inviting a conference" with counsel. [CV Doc. 52 at 82:4 – Evidentiary Hearing Transcript]

The Chief Magistrate Judge's finding that Attorney Gleria rendered ineffective assistance of counsel by failing to file a timely notice of appeal. The United States contends that this finding is inconsistent with Attorney Gleria's testimony, which the Chief Magistrate Judge found to be credible, regarding a May 9, 2014 teleconference with Jones. [CV Doc. 61; CR Doc. 249] Specifically, the United States contends that in light of Mr. Gleria's testimony at the evidentiary hearing regarding "his discussions with Defendant about the benefits of choosing not to appeal, in that the government would dismiss the escape case if Defendant did not appeal, and that Defendant *explicitly instructed him to get the escape count dismissed*, understanding that would effectively require a forbearance of his right to appeal," the Chief Magistrate Judge's finding is erroneous. [CV Doc. 61 at 3; CR Doc. 249 at 3 (emphasis added)] As Defendant points out, however, Chief Magistrate Judge Molzen "*never found that Brandon Jones instructed Kenneth Gleria not to file an appeal*." [CV Doc. 250 at 4] Moreover, Attorney Gleria testified that he was still "*trying* to negotiate the dismissal" of the escape charge even after the May 9th teleconference. [CV Doc. 52 at 86:7 – Evidentiary Hearing Transcript (emphasis added] Indeed, the escape charge was not ultimately dismissed until long after the window for filing a timely notice of appeal had expired.

The Court disagrees with the United States because the Chief Magistrate Judge did not make any particular findings regarding what was said, or not said, by Attorney Gleria or Jones during the May 9, 2014 teleconference. Rather, the Chief Magistrate Judge

3

found, on the basis of Attorney Gleria's and Jones's testimony, "that Attorney Gleria believed that Jones wished to waive his appellate rights in exchange for the dismissal of the pending escape charge and that Jones believed that Attorney Gleria was going to file a timely notice of appeal on his behalf." [CV Doc. 60 at 9; CR Doc. 248 at 9] The Chief Magistrate Judge did not make any findings regarding whether Attorney Gleria's or Jones's subjective beliefs were objectively reasonable under the circumstances, but did find that "there was a fundamental misunderstanding between Attorney Gleria and Jones – a misunderstanding that resulted in the loss of Jones's right to file a direct appeal in the present case." [Doc. 60 at 9; CR Doc. 248 at 9]

Having reviewed the record in the present case *de novo*, the Court agrees with the Chief Magistrate Judge's finding that there was a fundamental misunderstanding between Attorney Gleria and Jones and that Attorney Gleria rendered ineffective assistance of counsel because he failed to resolve this misunderstanding and to honor his client's specific request to file a timely notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000) (holding that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal"); *United States v. Garrett*, 402 F.3d 1262, 1265 (10th Cir. 2005) (holding that "a lawyer who fails to follow a defendant's express instructions to file a notice of appeal acts in a manner that is professionally unreasonable"). Therefore, the Court will overrule the United States' Objection, grant Jones's Amended § 2255 motion, and set this case for resentencing at a later date.

**IT IS THEREFORE ORDERED** that the United States' Objection To Proposed Findings of Fact and Conclusions of Law and Report and Recommendation [CV Doc. 61; CR Doc. 249] are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Chief Magistrate Judge's Proposed Findings of Fact and Recommended Disposition [Doc. 60; CR Doc. 248] are **ADOPTED**;

**IT IS FURTHER ORDERED** that Jones' Amended Motion To Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 29; CR Doc. 214] is **GRANTED**; and this case will be set for resentencing at a later date by separate Order.

_____
UNITED STATES DISTRICT JUDGE